# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CV F   06 134 OWW DLB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc.1.) |
| APPEAL COORDINATOR AT California CORRECTIONAL INSTITUTION | |
| Defendants. / | |

Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint filed on February 7, 2006.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
4  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
5  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6  complaint under this standard, the court must accept as true the allegations of the complaint in
7  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     DISCUSSION**

Here, plaintiff complains generally that his inmate appeals have not been answered.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Plaintiff has failed to do so.

Further, there is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison

grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir.2003), *citing* <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988).  <u>See</u> also,  <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  A failure to process a grievance does not state a constitutional violation. <u>Buckley</u>, <u>supra</u>.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Based on the foregoing, plaintiff's allegations concerning the inmate appeals do not give rise to a constitutional violation.

**C.  CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within FIFTEEN  (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed

1  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.

2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

3      The parties are advised that failure to file objections within the specified time may waive

4  the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

5  1991).

6      IT IS SO ORDERED.

7      **Dated:   May 19, 2006**                **/s/ Dennis L. Beck**
   3b142a                                       UNITED STATES MAGISTRATE JUDGE

4